UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
———————————————————————————x

BRADLEY J. REPHEN,

       Plaintiff/ Counter-Defendant,

  - against -                                          05 Civ. 7511 (CM)

MARK PITZELE,

       Defendant/ Counter-Plaintiff,

  - against –

LAW OFFICES OF BRADLEY J. REPHEN, P.C.,

       Third Party Defendant.

———————————————————————————x

## ORDER AND DECISION GRANTING DEFENDANT PITZELE'S
## MOTION TO TRANSFER VENUE

McMahon, J.:

      Plaintiff/ Counter-Defendant Bradley Rephen ("plaintiff" or "Rephen") and Defendant/ Counter-Plaintiff Mark Pitzele are former law partners. On July 25, 2005, following dissolution of their joint law practice, the Law Offices of Pitzele & Rephen, P.A. ("P&R"), Rephen filed this action against Pitzele in the Supreme Court of New York, Rockland County, alleging fraud, misrepresentation, tortious interference of contract, breach of contract and prima facie tort. On August 25, 2005, the action was removed to this Court. On November 14, 2005, Pitzele filed a Counterclaim against Rephen and a Third-Party Complaint against Rephen's personal firm, the Law Offices of Bradley J. Rephen, P.C. ("the Rephen firm"), alleging breach of contract, conversion, tortious interference with business relationship, defamation, and breach of the implied covenant of good faith and fair dealing. Pitzele now moves, pursuant to 28 U.S.C. §1404(a), to transfer venue from the Southern District of New York to the District of Minnesota. Neither Rephen nor the Rephen firm have opposed the motion.

      The Complaint and Counterclaim/ Third Party Complaint in this matter are based on events and contracts surrounding the formation, operation and dissolution of P&R. Each of the following events and contracts underlying the parties' claims occurred and/or were executed in Minnesota:

1

- P&R was a Minnesota Professional Association, its sole office was in Minnesota, all of its employees worked in Minnesota, and its bank accounts and financial records were maintained in Minnesota. P&R's day-to-day operations were handled by Pitzele, a resident of and licensed attorney in Minnesota.
- The Shareholder Agreement signed by Pitzele and Rephen was executed in Minnesota and contained a Minnesota choice of law provision.
- Pitzele's transfer of certain funds from P&R's account to his personal account occurred in Minnesota.
- Pitzele and Rephen's Plan of Dissolution of P&R, Corporate Sale and Assignment Agreement and Consulting Agreement were all executed in Minnesota and all contain a Minnesota choice of law provision.
- Northwest Legal Group, the firm to which Rephen transferred all rights and obligations under the Corporate Sale and Assignment Agreement, and with which Pitzele had a consulting relationship under the Consulting Agreement, was located in Minnesota.
- JNR Adjustment Company, the client whose business Rephen allegedly diverted from P&R to the Rephen firm, is located in Minnesota.
- The contracts and leases which Rephen assumed and on which he allegedly failed to make payments, were executed in Minnesota and concerned equipment and office space located in Minnesota.
- Certain alleged false representations about Pitzele were made in Minnesota.

In sharp contrast, with the exception of one meeting between Rephen and Pitzele in New York, and the fact that Rephen is a resident of and licensed attorney in New York, none of the relevant events or contracts occurred in or were executed in New York.

For the reasons discussed below, defendant's motion is granted, and this case is hereby transferred to the District of Minnesota.

**Analysis**

While motions to transfer venue lie within the broad discretion of the courts, a plaintiff's choice of forum generally is entitled considerable weight—particularly when the plaintiff is a resident of the forum district— and should not be disturbed unless the balance of several factors is strongly in favor of defendant. Orb Factory, Ltd. v. Design Science Toys, Ltd., 6 F.Supp.2d 203, 210 (S.D.N.Y. 1998); Linzer v. EMI Blackwood Music, Inc., 904 F.Supp. 207, 216 (S.D.N.Y. 1995). However, the court's emphasis on a plaintiff's choice of forum diminishes where, as in this case, "the operative facts upon which the litigation is brought bear little material connection to the chosen forum." Nieves v. American Airlines, 700 F.Supp. 769, 772 (S.D.N.Y. 1988); see also Berman v. Informix Corp., 30 F.Supp.2d 653, 659 (S.D.N.Y. 1998).

Pursuant to 28 U.S.C. § 1404(a), "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of this provision is to "prevent waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" AEC One Stop Group, Inc. v. CD Listening Bar, Inc., 326 F.Supp.2d 525, 528 (S.D.N.Y. 2004) (internal citations omitted).

2

A motion to transfer venue requires a two-part inquiry: first, "whether the action to be transferred 'might have been brought' in the transferee court"; and second, whether "considering the 'convenience of parties and witnesses,' and the 'interest of justice,' a transfer is appropriate." Berman, 30 F.Supp.2d at 656 (internal citations omitted). In determining whether transfer is warranted for the convenience of parties and witnesses and in the interests of justice, courts consider the following factors: (1) the convenience of the witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with governing law, (8) the weight accorded to plaintiff's choice of forum, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. See, e.g., id. at 657. In this case, both prongs of the requisite two-part inquiry weigh in favor of transfer.

Plaintiff Rephen certainly could have brought this action in the United States District Court for the District of Minnesota. Pursuant to 28 U.S.C. § 1391(a), diversity actions, such as this one, may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in with the action may otherwise be brought. 28 U.S.C. § 1391(a). Because Pitzele, the only defendant in this matter, resides in Minnesota, this action could have been brought in the District of Minnesota under § 1391(a)(1). Likewise, because most, if not all, of the events giving rise to this action occurred in Minnesota, this action could have been brought in Minnesota under § 1391(a)(2). Subsection (3) is inapplicable, as there are at least two districts—Minnesota and the Southern District of New York—in which this action could have been brought.

Transfer is also appropriate in the interests of justice and for the convenience of the parties and witnesses. The first and second factors in this test weigh strongly in favor of transfer. While plaintiff resides in New York and defendant resides in Minnesota, making it no more convenient for the parties to proceed in one district versus the other, Minnesota is a more convenient forum for potential witnesses. Former employees of P&R and persons with whom P&R contracted for leases and equipment, employees of Northwest Legal Group, employees of JNR Adjustment Company, and members of the Minneapolis legal community (to whom false representations were allegedly made), all reside in Minnesota. Because "[c]onvenience of both the party and non-party witnesses is probably the single-most important factor in the analysis of whether transfer should be granted," transfer of this action is appropriate. Berman, 30 F.Supp.2d at 657 (internal citations omitted).

The third and fourth factors likewise weigh in favor of transfer. The location of documents ". . . is clearly an important consideration in motions to transfer . . ." Id. at 658. In this case, P&R's financial and business records remain in Minnesota, as do many relevant records in the possession of third-parties, such as JNR Adjustment Company and P&R's financial institutions. In addition, "Where the operative facts occurred is an obvious factor to consider." Id. Here, with the exception of one meeting in New York, all of the operative facts underlying both the Complaint and the Counterclaim/ Third Party Complaint occurred in

Minnesota, including, *inter alia*, the execution of the Shareholder Agreement, Plan of Dissolution of P&R, Corporate Sale and Assignment Agreement and Consulting Agreement; the day-to-day operations of P&R, including certain financial transactions carried out by Pitzele; the diversion of business from JNR Adjustment Company; and the making of allegedly defamatory statements.

The fifth factor requires a consideration of the availability to compel attendance of unwilling witnesses. Because a district court only can subpoena witnesses within the district or within 100 miles of the district, and because most of the material witnesses in this case reside in Minnesota, uncooperative witnesses could be compelled to testify in Minnesota but not New York. See Fed. R. Civ. P. 45(b)(2). Accordingly, transfer is proper under the fifth prong.

The sixth factor, regarding the "relative means of the parties," does not weigh in favor or against transfer. Parties have not alleged any significant disparity in means which would impact their ability to litigate in another forum. Therefore, this factor lends no weight to our analysis.

Transfer is proper under the seventh factor, as Minnesota law applies to each of the parties' claims, and courts in the District of Minnesota are more familiar with that law than are court in the Southern District of New York. "A federal court sitting in diversity . . . must apply the choice of law rules of the forum state." Rogers v. Grimaldi, 875 F.2d 994, 1002 (2d Cir. 1989). Accordingly, New York's choice of law rules govern the present action. With respect to the parties' tort claims, under New York's "interest analysis" test, the location of the alleged tort is nearly always determinative, particularly where the parties are domiciled in different states. Weizmann Institute of Science v. Nischis, 229 F.Supp.2d 234, 249 (S.D.N.Y. 2002). Since P&R was located in Minnesota and all of its daily operations occurred there, the alleged fraud and other tortious acts are "located" in Minnesota. Likewise, under New York's "center of gravity" test, applicable to contract claims, the court may consider ". . . the place of negotiation and performance, the location of the subject matter, and the domicile or place of business of the contracting parties." Id. at 250. In this case, all of the relevant agreements, including the Shareholder Agreement, Plan of Dissolution of P&R, Corporate Sale and Assignment Agreement and Consulting Agreement, were signed and performed in Minnesota; the subject matter of the contracts, including formation and dissolution of P&R, and the equipment and office space leased, was located in Minnesota; and the place of business of the contracting parties was Minnesota. Moreover, all of the agreements and contracts underlying the parties' breach of contract and fraud claims contain choice of law provisions requiring the application of Minnesota law. See Eastern Artificial Insemination Co-op, Inc. v. La Bare, 619 N.Y.S.2d 858 (3d Dept. 1994) ("Choice of law provisions generally are given effect by the courts of this State unless the jurisdiction whose law is to be applied has no reasonable relation to the agreement at issue or enforcement of the subject provision would violate a fundamental public policy of this State."). Because Minnesota law governs the parties' tort and contract claims, the seventh factor weighs strongly in favor of transfer.

As discussed above, the eighth factor—the weight accorded plaintiff's forum choice—does not preclude transfer in this case. Because "the operative facts upon which the litigation is brought bear little material connection to the chosen forum," the fact that plaintiff resides in New York is not dispositive. Nieves, 700 F.Supp. at 772. Moreover, while plaintiff is

York is not dispositive. <u>Nieves</u>, 700 F.Supp. at 772. Moreover, while plaintiff is a New York resident and attorney, he chose to form a Minnesota law firm and enter into business arrangements governed by Minnesota law. Plaintiff is a sophisticated individual whose prior choices suggest that he has willingly subjected himself to adjudication in Minnesota.

      Finally, based on the foregoing discussion, it is clear that the totality of the circumstances tip the balance in favor of transfer. As discussed above, all of the claims both in the Complaint and the Counterclaim/ Third Party Complaint relate to the formation, operation, and/or dissolution of P&R, a Minnesota company; most of the material witnesses and documents are located in Minnesota; all of the relevant contracts were executed in Minnesota; and Minnesota law applies to the parties' claims. Therefore, Minnesota is both a more convenient and appropriate forum and the Minnesota district court is in a better position to preside over this litigation.

      Accordingly, defendant's motion to transfer this action from the Southern District of New York to the District of Minnesota is granted. The conference scheduled for January 6, 2006, is canceled. The Clerk of the Court is directed to transfer the file forthwith.

Dated: January 3, 2006.

                                                                          U.S.D.J.